**Joyce MARSHALL, Plaintiff–Appellant,**

v.

**SUMMA HEALTH SYSTEMS HOSPITALS, Defendant–Appellee.**

No. 01–3964.

United States Court of Appeals, Sixth Circuit.

June 2, 2003.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

RYAN, Circuit Judge.

Joyce Marshall appeals the district court's grant of summary judgment in favor of her former employer, Summa Health Systems Hospitals, on her claims of sex discrimination in violation of Title VII, 42 U.S.C. §§ 2000e–2000e–17, and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. The district court concluded that Marshall failed to establish a *prima facie* case of sex discrimination and, as to both theories of discrimination, failed to create a genuine issue of material fact about whether Summa's legitimate, non-discriminatory explanation for Marshall's discharge was pretextual. We assume, for the sake of decision, that Marshall established a *prima facie* case on her sex discrimination claim, but we agree with the district court that Marshall failed to pro-

vide any evidence demonstrating pretext. We therefore affirm the district court's judgment.

Beginning in 1989, Marshall served as the clinical education coordinator in Summa's respiratory care department. In early 1999, Summa received two anonymous letters criticizing Marshall and the other managers responsible for the department. Summa investigated these complaints by convening small group meetings with 58 of the department's staff members. These meetings revealed serious dissatisfaction with management, and the groups specifically requested new managers. Following the investigation, Summa terminated Marshall and two other female managers who shared day-to-day responsibilities for the respiratory care department. Summa elected to retain the male manager with ultimate oversight responsibility for the respiratory care and pharmacy departments. Eventually, Summa replaced Marshall, who was approximately 58 years old at termination, with a 40 year old woman.

We review a grant of summary judgment *de novo*. *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Policastro*, 297 F.3d at 538.

Claims of employment discrimination brought pursuant to Title VII and the ADEA are governed by the same, familiar, burden-shifting framework. *Policastro*, 297 F.3d at 538–39. If a plaintiff establishes a *prima facie* case of discrimination,

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

the employer must provide a legitimate, non-discriminatory explanation for the adverse employment action. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir.2003). The plaintiff then bears the burden to demonstrate pretext " 'by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.' " *Id.* at 576 (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir.2000)).

Assuming that Marshall established a *prima facie* case on both claims, we conclude that she failed to create a genuine issue of material fact regarding pretext. Marshall suggests that her positive performance evaluations from past years should have outweighed the staff complaints, but she points to nothing suggesting that Summa violated Title VII or the ADEA by resolving this balance against her. Indeed, Marshall's own deposition belies her claim that Summa did not fire her for the legitimate business reason it advances. In that deposition, Marshall acknowledged that the staff complained about her and that Summa terminated her in response to the "disgruntled staff." Thus, while Marshall insists that the complaints against her were unjustified, she concedes that Summa received the complaints, investigated them, and relied upon them in terminating her and her fellow supervisors. In short, the record contains no evidence tending to show that Summa's non-discriminatory explanation has no basis in fact, did not actually motivate the decision, or was insufficient to warrant her termination. We therefore AFFIRM the judgment of the district court.